### ERSKINE v SMITH

Common Pleas Court, Athens Co.

No. 17529.

## OPINION

By ROWLAND, J.

This action is brought by Samuel B. Erskine, plaintiff, an attorney at law duly admitted to practice law in the courts of the State of Ohio under the laws of said state and the rules prescribed therefor by the Supreme Court thereof. Said plaintiff is a member of the Athens County Bar and as such this action was brought in behalf of himself and all other persons duly qualified and admitted to practice law in the State of Ohio.

Said petition sets forth further that the defendant R. B. Smith. at no time had been admitted by the Supreme Court of Ohio to practice law in the courts of this state; that notwithstanding this fact the defendant has for twenty years last past unlawfully engaged in the practice of law and that unless enjoined by an order of this court will continue so to do. Plaintiff sets forth that said defendant's conduct in said unlawful and unauthorized practice of law is a fraud upon the public, a fraud on the rights of this plaintiff and all other licensed attorneys and counsellors in the State of Ohio, contrary to public policy, the rules of the Supreme Court of Ohio and the laws of the State of Ohio.

The defendant is charged in the petition with prosecuting actions for persons other than himself before the various justice of the peace courts in said County of Athens as well as giving legal advice in respect of legal rights and the drafting and drawing of wills, mortgages, deeds and other legal instruments. Plaintiff contends that he has no adequate remedy at law and prays that a permanent injunction might issue in this court enjoining defendant from directly or indirectly engaging in the practice of law and especially enjoining defendant from preparing legal instruments, giving legal advice and the prosecuting of actions before justice of the peace.

To this petition defendant filed his answer in four defenses. In the first defense he denies that he engaged in the practice of law as complained of by the plaintiff.

In the second defense defendant admits that he formerly prepared wills, mortgages, deeds and other legal instruments under the belief that as a Notary Public he had the power and authority to do the same but that now having information that he is without authority to perform such service he has no intention to continue such work in the future.

By way of third defense defendant admits that he has prosecuted and will continue to prosecute unless enjoined by this court actions for persons other than himself before various justice of the peace courts in said county of Athens but denies the same constitutes the practice of law.

The fourth defense consists of a general denial as to matters not otherwise admitted to be true.

During the course of the trial defendant admitted that he had never been admitted to the practice of law in the State of Ohio. The evidence was to the effect and not disputed that the defendant at the time of the filing of the action and for a great number of years prior thereto had been engaged in advising persons as to their legal right especially pertaining to the collection of accounts and the bringing of actions before justices of the peace by filing the necessary papers in instituting actions before said justice of the peace wherein money judgments were prayed for and sought and prosecuting such actions before such justice of the peace to final judgment. In other words. the evidence shows without dispute that the defendant was engaged in the collection business and that great numbers of accounts had been handed to him for collection and if the same were not paid that he proceeded to bring actions before a justice of the peace

and to prosecute said actions and the doing of everything necessary and expedient to obtain final relief in so far as the same might be obtained.

As heretofore stated the defendant admits that he has been engaged in such practice and asserts that he has a right to go forward with and exercise such privilege for the reason that the same does not constitute the practice of law as the practice of law is understood to be comprehended under the Laws of Ohio.

It is therefore apparent that under the issues made in this case the question is raised as to whether such practice before a justice of the peace court constitutes practicing law within the purview of §1698 GC.

Sec. 1698 GC provides:

"No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct or defend any action, or proceeding, in which he is not a party concerned, either by using or subscribing his own name, or the name of another person, unless he has been admitted to the bar by order of the supreme court, or of two judges thereof. Such court shall fix times when examinations shall take place, which may either be in term or vacation, and prescribe and publish rules to govern such examination. This section shall not apply to persons admitted under pre-existing laws."

Sec. 1698-1 GC provides:

"Whoever, not being regularly licensed to practice law in this state, holds himself out in any manner as an attorney-at-law, or represents himself either orally or in writing, directly or indirectly, as authorized to practice law shall upon conviction be fined not less than twenty-five dollars nor more than five hundred dollars; The use of the words, lawyer, attorney-at-law, counselor-at-law, law, law office or other equivalent words by any person not licensed to practice law, in connection with his own name, or any sign, advertisement, card, letter head, circular, or other writing, document, or design, the evident purpose of which is to induce others to believe such person to be an attorney-at-law, shall be held to be such holding out within the meaning of this section".

The attention of the court is called to a statement made by Chief Justice Marshal in the case of **State v Allen, 117 Oh St, page 470,** decided December 28, 1927, said statement being as follows: "A person is not required to be an attorney and counselor at law in order to appear before a justice of the peace in a representative capacity."

It must be remembered, however, that this expression from the Chief Justice became no part of the decision or opinion in the case but on the contrary was mere dictum. In the case just referred to the court was entering its decision or pertaining to the question as to whether a justice of the peace court is a court of record or otherwise and the statement heretofore referred to was made not as a part of the decision of the question involved but only as an illustration or argument.

On November 27, 1934, the Supreme Court of Ohio passed upon the legal questions involved in the case of **The Land Title Abstract & Trust Company v Dworken et, 129 Oh St, page 23.** In that case the matter was directly before the court as to what constituted the practice of law, the First, Fifth and Seventh syllabi of the case being as follows:

"First: The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings on behalf of clients before judges and courts,

and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law.

"Fifth: Furnishing opinions in proceedings in court, as to necessary parties thereto, and preparing and advising in relation to conveyances and other papers pertaining to real estate transactions, for the benefit of others are acts falling within the practice of law and may not be performed by guarantee companies except wherein they have a direct or primary interest.

"Seventh: The right to practice law conferred by the state is a special privilege in the nature of a franchise and a possessor thereof may be protected by injunction from the invasion of the right thus vested in him."

On December 15, 1937, the Supreme Court of Ohio in the case of **Judd et v City Trust & Savings Bank, 133 Oh St, page 81**, again had before it for consideration the question as to what constituted the practice of law. The first and third syllabi of said case being as follows:

"First: In Ohio, the power to regulate, control and define the practice of law rests inherently in the judicial branch of the government.

"Third: The practice of law consists essentially of the performance of legal services for others. Banks and trust companies in Ohio are engaged in the unauthorized practice of law when, through their regular salaried officers and employees, who may be attorneys at law admitted to practice in Ohio, they prepare and draft wills, trust agreements, or contracts and other instruments requiring the exercise of legal skill, for their customers or patrons. And it makes no difference that such banks may be designated in such instruments in fiduciary capacities."

A great many definitions are given as to what constitutes the practice of law but the court in this case sets forth its definition thereof in few words but full of meaning. "The practice of law consists essentially of the performance of legal services for others."

In the case at bar defendant was giving and extending legal advice to his clients involving legal questions especially as to the collection of accounts. In many cases the defendant prepared the necessary pleading before justice of the peace for the procurement of attachments and the obtaining of judgments as against delinquent debtors and if necessary and expedient, proceedings in aid of execution were carried through for and in behalf of such clients by the defendant. Surely this was a performance of legal services for others.

**Sec. 1698 GC** provides that no person shall be permitted to practice as an attorney and counselor-at-law or to commence, conduct or defend any action or proceeding in which he is not a party concerned either by using or subscribing his own name or the name of another person unless he has been admitted to the bar by the order of the Supreme Court or two judges thereof.

This court is at a loss to know by what reason it could be said that the defendant was not engaged in the commencing, conducting and defending an action or proceeding when he was giving his time, effort and talent in the preparing and filing of the necessary pleadings in behalf of clients and thereafter conducting the interests of the party he represented in the prosecution or defense of the issues before the court. The court has reached the conclusion that the defendant on being engaged in the matters hereinbefore set forth was practicing law as comprehended within the statutes of Ohio as interpreted by the courts of Ohio.

Under the laws of Ohio a justice court and Court of Common Pleas

have concurrent jurisdiction in civil actions in an amount of from one hundred to three hundred dollars. If the contention of the defendant were to be sustained it would present the peculiar situation wherein one prosecuting or defending an action in a justice court for three hundred dollars would not be engaged in the practice of law while one engaged in the prosecution or defense of an action in the Court of Common Pleas in the sum of one hundred dollars would be engaged in the practice of law. Such a conclusion in the judgment of the court would not be founded upon law, logic or reason.

An entry may therefore be drawn enjoining the defendant from exercising the privileges as an attorney at law in the performance of legal service for others until such time as the defendant may have complied with the requirements as contained and set forth in §1698 GC.